ELLEN F. ROSENBLUM
Attorney General
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
ABIGAIL FALLON #183364
Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Brian.S.Marshall@doj.state.or.us
        Shaunee.Morgan@doj.state.or.us
        Abigail.Fallon@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PROJECT VERITAS, PROJECT VERITAS ACTION FUND,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL SCHMIDT, in his official capacity as Multnomah County District Attorney, ELLEN ROSENBLUM, in her official capacity as Oregon Attorney General,<br><br>Defendants. | Case No.  3:20-CV-01435-MO<br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendants Michael Schmidt and Ellen Rosenblum, in their official capacities, (collectively referred to as "Defendants") hereby submit this Answer and Affirmative Defenses to Plaintiffs' Complaint and admit, deny, and allege as follows:

Page 1 -   ANSWER AND AFFIRMATIVE DEFENSES

1.

With respect to paragraph 1, Defendants admit that Project Veritas and Project Veritas Action Fund (collectively, "Veritas") operate nationwide. Defendants lack sufficient information to admit or deny the remaining allegations of paragraph 1, and therefore deny those allegations.

2.

The allegations of paragraph 2 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants deny the allegations.

3.

With respect to paragraph 3, Defendants lack sufficient information to admit or deny the allegations. Therefore, Defendants deny the allegations.

4.

The allegations of paragraph 4 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants deny the allegations.

5.

The allegations of paragraph 5 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants deny the allegations.

6.

The allegations of paragraph 6 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants deny the allegations.

7.

The allegations of paragraph 7 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants deny the allegations.

8.

In response to paragraph 8, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

9.

In response to paragraph 9, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

10.

In response to paragraph 10, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

11.

With respect to paragraph 11, Defendants lack sufficient information to admit or deny the allegations. Therefore, Defendants deny the allegations.

12.

With respect to paragraph 12, Defendants lack sufficient information to admit or deny the allegations. Therefore, Defendants deny the allegations.

13.

With respect to paragraph 13, Plaintiffs admit Michael Schmidt is the Multnomah County District Attorney. The remaining allegations of paragraph 13 are legal conclusions to which no response is required.

14.

With respect to paragraph 14, Plaintiffs admit that Ellen Rosenblum is the Oregon Attorney General, and she has an office in Salem, Oregon. The remaining allegations of paragraph 14 are legal conclusions to which no response is required.

15.

With respect to paragraph 15, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, the text of the legal authorities cited speak for themselves.

16.

With respect to paragraph 16, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, the text of the legal authorities cited speak for themselves.

17.

With respect to paragraph 17, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, the text of the legal authorities cited speak for themselves.

18.

The allegations of paragraph 18 assert legal conclusions to which no response is required, and the text of the legal authorities cited speak for themselves. To the extent a response is required, Defendants deny the allegations.

19.

With respect to paragraph 19, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, the text of the legal authorities speak for themselves.

20.

The allegations of paragraph 20 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants deny the allegations.

21.

The allegations of paragraph 21 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants deny the allegations.

22.

With respect to paragraph 22, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

23.

The allegations of paragraph 23 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

24.

The allegations of paragraph 24 are legal conclusions and exclusively concern Counts I and II, which have been dismissed. Therefore, no response is required.

25.

With respect to paragraph 25, Plaintiffs assert legal conclusions to which no response is required.

26.

With respect to paragraph 26, Plaintiffs assert legal conclusions to which no response is required.

Page 5 -   ANSWER AND AFFIRMATIVE DEFENSES

27.

The allegations of paragraph 27 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

28.

The allegations of paragraph 28 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

29.

The allegations of paragraph 29 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

30.

The allegations of paragraph 30 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

31.

The allegations of paragraph 31 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. In addition, the last sentence of paragraph 31 is a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

32.

The allegations of paragraph 32 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

33.

The allegations of paragraph 33 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

34.

With respect to paragraph 34, Defendants lack sufficient information to admit or deny the allegations. Therefore, Defendants deny the allegations.

35.

The allegations of paragraph 35 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

36.

With respect to paragraph 36, Defendants lack sufficient information to admit or deny the allegations. Therefore, Defendants deny the allegations.

37.

With respect to paragraph 37, Plaintiffs' allegations that receipt of secret recordings and publication from third parties are illegal under section 165.540(1)(d) and (1)(e) are legal conclusions to which no response is required. Defendants lack sufficient information to admit or deny the remaining allegations, and therefore deny those allegations.

38.

The allegations of paragraph 38 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations, and therefore deny the allegations.

39.

The allegations of paragraphs 39–48 exclusively concern Counts I and II, which have been dismissed, therefore no response is required. To the extent a response is required, Defendants deny the allegations.

40.

With respect to paragraph 1 of Count III, Plaintiffs assert legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

41.

Paragraph 2 of Count III asserts legal conclusions based on Plaintiffs' characterization of *Bartnicki v. Vopper*, 532 U.S. 514 (2001), to which no response is required. To the extent a response is required, the decision speaks for itself, and Defendants refer the Court to *Bartnicki* for a complete statement of the Supreme Court's decision.

42.

Paragraph 3 of Count III asserts legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

43.

With respect to the Prayer for Relief, Defendants deny that Plaintiffs are entitled to any relief.

44.

Defendants deny any allegation not expressly admitted.

**FIRST AFFIRMATIVE DEFENSE**

(Standing)

45.

Plaintiffs do not have standing to assert their remaining claim, Count III.

**SECOND AFFIRMATIVE DEFENSE**

(Ripeness)

46.

Plaintiffs' remaining claim, Count III, is not ripe for judicial review.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

47.

Plaintiffs' complaint fails to state a claim upon which any relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE**

(Laches)

48.

Plaintiffs' claim and all relief they request is barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

49.

Plaintiffs' claim and all relief they request is barred by the doctrine of unclean hands.

**JURY TRIAL DEMANDED**

50.

To the extent that Defendants are entitled to a trial by jury on any claims or defenses in this case, Defendants demand a trial by jury.

**WHEREFORE**, Defendants ask for judgment denying Plaintiffs relief and granting Defendants their costs and disbursements.

DATED August __31__, 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

_s/ Brian Simmonds Marshall_
BRIAN SIMMONDS MARSHALL #196129
Senior Assistant Attorney General
SHAUNEE MORGAN #194256
ABIGAIL FALLON #183364
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
Brian.S.Marshall@doj.state.or.us
Shaunee.Morgan@doj.state.or.us
Abigail.Fallon@doj.state.or.us
Of Attorneys for Defendants